# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed February 2, 1922.

SARAH V. DULANEY, ET AL.,
VS.
CHARLES SHIPLEY DULANEY, ET AL.

C. M. Armstrong and Walter C. Mylander for plaintiffs.
William Stanley for defendants.

BOND, J.—

The mere fact that a compromise of opinions may be necessary to bring two

or more appraisers to a common estimate of the values of these ground rents is hardly decisive of the question. The quality of a rent is so much a matter of opinion, and the price it would bring on the market so conjectural, that difference in estimates must always be expected, and there would have to be a compromise to get an agreement. I take the master to mean that the uncertainty and the compromise necessitated in this case are too great. This is the opinion of several experts produced by the plaintiffs, and it is opposed by experts produced by the defendants. The ground rents are widely scattered in Baltimore City and vary greatly in quality and character of improvements. I am not satisfied by this evidence, however, that this case is one in which valuation for partition is impracticable, and I think it better to submit the question to the test of an actual effort at partition by commissioners duly selected. For these reasons the exceptions to the master's report are sustained.

The petition to place costs upon the defendants can not be granted because the ground of the petition is found a matter quite extraneous to this proceeding. In the proceeding itself, at least, the defendants are in an unobjectionable attitude, entirely within their rights. I do not see anything objectionable in their attitude as shown by the extraneous facts such as would justify placing the costs of this proceeding upon them.

---

*Supplemental Opinion.*

Filed Feb. 14, 1922.

BOND, J.—

The additional briefs filed in the case show that I have not made clear to counsel my reasons for the decision announced after the hearing in court. One of the briefs makes several references to an opinion of the master, Mr. Coe; but I have not had the benefit of that opinion, so can not undertake to argue it. My own reasons were these: The conflicting testimony given in the case did not satisfy me that the ground rents were insusceptible of partition within the meaning of the rule with which we are dealing. If I had been required to render a decision on the testimony of the experts for the two

sides, I should have had to decide against the plaintiffs on this point. I should not have been entirely satisfied with the decision, perhaps; but it would have been the best I could do on the evidence at hand. Inasmuch as commissioners for partition might come to a conclusion after an actual effort, that partition was, after all, not feasible, I thought it better to leave them free to report this conclusion, and the Court free to adopt it and abandon the plan of partition. And the final decision in the light of the actual effort at partition, would be much more satisfactory, I think. The decree for partition will be signed when presented, but should be settled between counsel, if possible, before it is presented.